The next case in the docket is 522-0622, Eagle v. LeVar Pierce. Our candidate for the appellant is Julie Thompson. Our candidate for the athlete is Diane Peeble. If you're ready, please proceed. Good afternoon. Good afternoon. My name is Julie Thompson. I am here from the Office of the State Appellate Defender representing LeVar Pierce in the direct appeal of the dismissal of his postconviction petition at the second stage. Postconviction Hearing Act provides a method for defendants to challenge their convictions when those challenges are based on constitutional allegations. Mr. Pierce filed a pro se postconviction petition. The trial court reviewed it, found that he had expressed the gist of a constitutional claim, and appointed counsel for Mr. Pierce. Counsel is required to provide, under the Postconviction Hearing Act, reasonable assistance to his client in a postconviction situation. Counsel here failed to provide that reasonable assistance. When a postconviction counsel files a Supreme Court Rule 651C certificate, counsel is presumed to have provided reasonable assistance. Here, counsel filed that 651C certificate. However, when the record rebuts reasonable assistance, counsel can still be found unreasonable. And that's what happened here. Rule 651C requires counsel to do three things. It requires counsel to confer with the client to ascertain his contentions of the deprivation of his constitutional rights. It requires counsel to review the record to ascertain the legitimacy of those allegations. And it requires counsel to amend the petition as necessary to adequately present the petitioner's claims. Counsel here failed on all counts. The pro se petition that Mr. Pierce filed on his own behalf included 12 allegations of ineffective assistance of counsel, and it included an allegation of ineffective assistance of appellate counsel. Attached to that petition was an affidavit in verification of the petition signed by Mr. Pierce, as well as some documents that he believed assisted and supported his petition. Counsel, in amending that petition, copied and pasted Mr. Pierce's allegations. Now, there's nothing inherently wrong with that, except that in this situation, Mr. Pierce's allegations of ineffective assistance of trial counsel alleged only errors. It did not allege prejudice. And as this Court is aware, under Strickland v. Washington, in order to have ineffective assistance of trial counsel, we have to have both error and prejudice, or a result from that error that adversely affected Mr. Pierce. The pro se petition did not include prejudice allegations that are required under Strickland, and neither did counsel's amended petition. Counsel copied and pasted the allegations of error and failed to include a prejudice allegation. Counsel did the same thing with regard to the allegation of ineffective assistance of appellate counsel. He made the allegation that appellate counsel erred, but he made no allegation whatsoever that appellate counsel, that there was prejudice as a result of appellate counsel's error. And in order to succeed on ineffective assistance of appellate counsel, we have to demonstrate to the Court not only that there was error, but that had appellate counsel raised those errors to this Court, he would have likely succeeded. Post-conviction counsel here did not make those allegations that are necessary. Under Illinois Supreme Court decision People v. Lander, this Court can remand to the trial court for further proceedings when only one of the three requirements under Rule 651C are not met. And we have that situation before us today. Let me just ask you one question. The state's brief points out that there are elements that are missing from the record. How do you respond to that? There are exhibits that were not attached to the record, Your Honor, and we did speak to that in our reply brief. I think the situation with those exhibits is that they are irrelevant. When it was brought to our, we didn't notice it, but when it was brought to our attention by the state's brief, I reviewed their allegations with regard to those. None of those allegations, none of those exhibits have any relevancy to whether or not post-conviction counsel filed an appropriate amended petition on behalf of Mr. Pierce. They just aren't relevant to the outcome. They might be relevant if the Court were to look at merit for some reason, but we're not looking at merit here. We're looking simply at the procedure that counsel followed. Did he follow the procedure? Did he do it right? And the answer, unfortunately, here is no, he did not. So while the exhibits, yes, it is our obligation, and yes, they should have been attached and our apologies to the Court that they were not, they are not relevant to the outcome of this appeal and they're not significant for this Court to be able to make a decision on this appeal. When counsel failed to attach a verification affidavit from his own client, when counsel filed his amended petition, he added one allegation, that's it. The only addition he made was one allegation, again, of ineffective assistance of trial counsel, and again, he did not allege any prejudice as a result of that alleged error by trial counsel, but he did not obtain from his client a verification affidavit that's required by statute. 725 ILCS 5-122-1 requires that the petition be verified by affidavit. The amended petition is not verified by affidavit. The original petition was. Our brief points to a case, and I don't recall the name of it off the top of my head, but there is a case that says the amended petition replaces the pro se petition, and the pro se petition is no longer part of the record, in which case the affidavit of verification has to be redone, and it just wasn't. One of the allegations that counsel made in the ineffective assistance claims was that trial counsel failed to call an alibi witness. That's the allegation. Counsel failed to call an alibi witness. That's the only allegation. He made no, he didn't fill it out. He didn't tell us who the alibi witness would have been, what that alibi witness would have said had that person been called to testify. He didn't even tell us the name of the person, who it was. The rules require, statute requires, 5-122-2 requires that documents or affidavits be attached in support of the petition. In this particular instance, when the allegation is counsel failed to call an alibi witness, post-conviction's obligation is to obtain some information about what that alibi witness would have said or explain to the court why not, why there was no affidavit. Counsel here did neither of those things. In Pico v. Addison, the Illinois Supreme Court told us that post-conviction counsel has an obligation to his client not to make the petition worse than it was when it began. And that's what counsel here did. The original pro se petition, while it did not include the necessary allegations of prejudice to support ineffective assistance, did contain a verified affidavit and did attach some documents. Counsel here simply failed to follow the requirements of Supreme Court Rule 651C. And as a result, this court should reverse the dismissal and remand for additional post-conviction proceedings with new counsel. Thank you. Is the failure to allege prejudice in and of itself failure to comply with the 651C by failing to frame it in a proper format? Exactly, or our failure to put the claims into the proper legal form. Yes, moving out. It seems to me we've had some cases from the Fifth District even recently that held along those lines. I cited, I think in my reply brief, I cited one. It was an unpublished decision, but it was Pico v. Hummerkaus, where a very similar type situation happened, and this court remanded for additional proceedings where the ineffective assistance claim is not fleshed out with both the error and the prejudice. In order to prove under Strickland, prove ineffective assistance of counsel, we have to allege both. Thank you. Are there any other questions? Thank you. Thank you. Good morning, Your Honors. Counsel, my name is Diane Campbell, and I represent the people of the State of Illinois. Defendant's contention that his post-conviction counsel did not provide reasonable assistance must be rejected. It is defendant's burden to overcome the strong presumption of reasonable assistance since counsel filed his Rule 651C certificate. Defendant's argument essentially requires perfect representation. PC counsel's standard is to provide reasonable, not perfect assistance. At the second stage, counsel's duty is to present defendant's claims in a sufficiently adequate form that the trial court reviews the defendant's claims. That is what occurred in this case. The post-conviction court gave a specified analysis of defendant's contentions. That's at C-323 to 329. It reviewed the trial transcripts, the petition, and the State's response. It noted that substantial portions of the defendant's claims reasserted claims he had made in his second amended motion for new trial. And after reviewing the record, the pleadings, and the arguments of counsel, PC court adopted and incorporated that 14-page September 2016 order of the trial court as its findings and the order in its decision. Importantly in this case, defendant had a different counsel post-trial from trial, so that counsel had no conflict about asserting any trial court errors by the defendant's trial counsel. Do you agree that the PC petition failed to allege prejudice? I don't. In this case, as counsel noted, there were 12 issues that the defendant raised, and then counsel added one. And counsel made a cumulative error argument. I believe I cited a case that that is, you know, cumulative error is appropriate in my brief. Defendant has not argued at any point that post-trial counsel was ineffective, and therefore he cannot do so hereafter. Effective assistance of counsel is assessed under Strickland requiring both deficient performance and prejudice. Prejudice is a reasonable probability that the results of the proceeding would have been different. When the sufficiency of the evidence is challenged, the question is whether there is a reasonable probability that absent counsel's alleged errors, the fact finder would have found a reasonable doubt respecting guilt. It is not enough that the purported errors might have some conceivable effect on the outcome. Proof of prejudice cannot be based on mere conjecture or speculation. This case is different from Greer. In Greer, the case went to second stage because the trial court did not act within the first 90 days. Appointed post-conviction counsel made a motion to withdraw, alleging there was no basis on which to present any meritorious issues for review. Here, defendant had privately retained post-conviction counsel. Counsel is required to consult with defendant to ascertain his contentions of error, examine the record, and make any amendments necessary to pro se petition for an adequate presentation of his contentions. In Greer, counsel found no issues of merit and moved to withdraw. Here, counsel did present the defendant's contentions. Those are the contentions of the defendant, not necessarily of counsel. Counsel then argued defendant's contentions to the best of his abilities, attaching support where possible. Defendant cites Greer as support that if counsel finds a claim lacks merit, counsel cannot ethically advance that claim. However, if counsel rejected one of defendant's claims or argued against the merits of a particular claim, he is not advocating for his client and would indeed be making the petition worse. Importantly, in Greer, the Supreme Court hastened to emphasize that the inability of post-conviction counsel to appropriately substantiate a defendant's claim is not the standard by which counsel should judge the viability of defendant's post-conviction claims. That is at 211. Defendant was present at the hearing when the amended petition was argued. When post-conviction counsel presents his client's claims, it is up to the post-conviction court to determine whether it has merit and whether it should proceed to an evidentiary hearing or to reject it after examining the record. It is the role of the court to ultimately determine the merits of a claim, not PC counsel. Here, PC counsel did the best he could, and PC counsel provided reasonable assistance to defendant in achieving his goal of having the post-conviction court consider his claims. The fact that the petition was not ultimately successful cannot be determinative in assessing whether counsel provided reasonable assistance in presenting those claims. If post-conviction counsel admits a claim, defendant will thereafter argue that his counsel was ineffective for doing so. Post-conviction counsel should not be placed between a rock and a hard place. In Greer, the reviewing court ultimately examined the record and determined that defendant's claims lacked merit. That is what occurred in this case with the post-conviction court. In this case, the post-conviction court stated the case was based on the eyewitness identification of defendant. Defendant was identified by the victim, who testified that he knew defendant from the neighborhood. The victim testified that defendant was one of the assailants who hit him in the head, causing him severe injury. He had a wound which bled severely and required many staples. The post-trial court found that in those circumstances, defense trial counsel had limited options. That's at C-328. The post-conviction court considered but rejected defendant's argument that his trial counsel's strategy was unsound. So that was covered in the prior motions. Having reviewed the transcript, the post-trial motions, post-trial order, and the pleadings regarding the PC petition, the PC court found the evidence at trial was overwhelming, and that's at C-328. The post-conviction court also rejected defendant's claims of ineffective assistance of appellate counsel, noted that claims of ineffective assistance of trial counsel were well-documented and contained the people's point-by-point rebuttal in the trial court's analysis. The court found, considering the full development and treatment of the issue in the trial court, it cannot be said that appellate court counsel's decision not to raise the issue on appeal was objectively unreasonable. The PC court found the direct evidence against the defendant at trial left few, if any, options for appellate counsel to claim technical or legal error. The post-conviction court believed the trial court's treatment was in line with the law, and thus the argument fails. Here, defendant is attempting to blame his conviction on his counsel, trial, appellate, and post-conviction, rather than the overwhelming evidence of his guilt. In summary, the Rule 651C certificate creates the strong presumption that post-conviction counsel provided reasonable assistance. The record does not rebut that. Post-conviction counsel presented defendant's claims to the post-conviction court, which examined the record and gave defendant's claims a fair hearing. That is all that is required of counsel. As noted, the Illinois Supreme Court in Rear hastened to emphasize that the inability of post-conviction counsel to properly substantiate a defendant's claim is not the standard by which counsel should judge the viability of defendant's post-conviction claims. The fact that the claims were ultimately not successful is not the measure by which counsel's performance is judged. Under Strickland, defendant must demonstrate both prejudice and deficient performance. Here, he cannot do either. For prejudice, the post-conviction court examined the trial evidence and found it overwhelming, as had the post-trial court. The people respectfully request that this court affirm the trial court's second stage dismissal. Do you have any further questions? All right. No questions. Thank you very much. On a private note, I was informed by one of my colleagues who argued earlier this week that Justice Welch had recently passed away. So my sincere condolences to your honors, the rest of the court, and to all the support staff. I know he will be deeply missed. Thank you very much for that. Ms. Campbell. Just briefly, your honors, thank you. The State has argued that Mr. Pierce received a fair hearing and the trial court denied his petition on the – his post-conviction petition on the merits. And the concern I have with that is that he couldn't have received a fair hearing when the allegations were not appropriately presented to the trial court to begin with. And the State argues, well, the evidence against him at trial was overwhelming. The fact that evidence may have been overwhelming doesn't mean that there wasn't constitutional error at trial. It means evidence was overwhelming. There's two different things. And the post-conviction petition is supposed to look directly at was there constitutional error at trial. And you cannot appropriately do that when counsel does not put the defendant's claims into the appropriate legal form for the trial court to review. And that is what happened here. In Addison, the Supreme Court has said failure to comply with Rule 651C – regardless of the merits of the petition. And the reason for that is because you can't make a decision on a petition when the petition has not been put into the proper legal form. That's what happened here. And for that reason, we ask this court to remand, assign new counsel, and allow Mr. Pierce in a situation where he is entitled to bring one post-conviction petition, let him have an attorney who will actually amend his petition and put it in the proper legal form so that a trial court can make a legitimate decision. Thank you. I asked you about the failure to allege prejudice. I asked opposing counsel the same question. And if I understood her correctly, she said there was, in fact, prejudice alleged because there was a cumulative error allegation made. He made a cumulative error allegation. He said that all of those errors were cumulative. He did not explain in any way, shape, or form how those errors affected the trial. So you continue to maintain no prejudice was alleged? Yes, I do, Your Honor. And under Addison, that's fatal? It is. I mean, that's what you're saying, correct? Yes. All right. Thank you. Thank you. Thank you. Let me just point out that Justice Cates is also on the panel for this case, and she was unavailable today. But we'll be participating by listening to the audio recording and then discussing with us before we reach a verdict or a verdict, but a ruling on this case. And so just so you know, who else is going to be a part of this. Thank you both for your briefs today.